UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DENNIS G. WILLIAMS, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   No.   3:10-cv-403 |
| | )        (PHILLIPS) |
| | ) |
| DETECTIVE ED KINGSBURY, | ) |
| | ) |
|     *Defendant*. | ) |

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983, which is scheduled for a jury trial on January 31, 2012. The matter is before the court on the plaintiff's motion for summary judgment and defendant's response thereto, and the defendant's motion to continue the trial date and for relief from the deadlines set forth in the Scheduling Order. For the following reasons, plaintiff's motion for summary judgment [Court File No. 13] will be **DENIED**. Defendant's motion to continue and for relief from deadlines [Court File No. 20] will be **GRANTED**.

I.      Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted).

II.     Factual Background

Plaintiff is in the custody of the Georgia Department of Corrections. The defendant is Ed Kingsbury, a detective with the Organized Crime Unit of the Knoxville, Tennessee, Police Department. Plaintiff seeks the return of personal property seized at the time of his

2

arrest, or reimbursement for said property, as well as compensatory and punitive damages. Plaintiff alleges that the search of his vehicle and apartment were without probable cause or a warrant. The complaint [Court File No. 1] and the answer [Court File No. 11] reflect the following undisputed facts:

On June 17, 2010, plaintiff was arrested by the U.S. Marshals Service, accompanied by defendant Kingsbury, in the parking lot of the Thomasville Apartments on Jacksboro Pike. The arrest was pursuant to a warrant issued by the U.S. District Court for the Middle District of Florida, Jacksonville Division, for violation of supervised release. After his arrest, plaintiff was frisked and then secured in the rear of the U.S. Marshals Service vehicle. Upon questioning, plaintiff informed defendant that he resided in apartment #7. Defendant contacted the owner of the apartment complex, Mrs. Joyce Lee, to verify plaintiff's residence. Mrs. Lee verified plaintiff's residence and told defendant that apartment #7 was leased to Vickie Cannamore. She also told defendant that plaintiff had paid in cash six months' rent plus deposit, in advance. During his interview with Mrs. Lee, defendant advised her that plaintiff was wanted in the Middle District of Tennessee for violation of supervised release.

After the interview with Mrs. Lee, defendant used a key from a key ring confiscated from plaintiff during the frisk to enter and search a 1998 Chevy Venture. After searching the vehicle, defendant had the vehicle towed to police impound. Defendant explained to the U.S. Marshals Service that he authorized the vehicle to be impounded because he had questions about how plaintiff obtained the vehicle. The officers also entered apartment #7.

3

Plaintiff also alleges, and defendant either specifically denies or states that he has insufficient information to admit or deny, the following: that plaintiff told defendant that plaintiff owned the 1998 Chevy Venture and that the title was in the glove compartment; that plaintiff was in fact the owner of the vehicle; that there was no inventory of the contents of the vehicle; that defendant was told by Mrs. Lee that plaintiff was listed as an occupant on the lease for apartment #7; that defendant told defense counsel that a vast number of items were taken from the residence and that he would not release the vehicle; that plaintiff appointed an attorney-in-fact to assist in retrieving items taken from the apartment and vehicle; that plaintiff later received a letter from the U.S. Secret Service, advising plaintiff that he had ten days to retrieve items forwarded to them from defendant; that the list noted a vast number of items; that upon returning to the apartment after her release from the hospital, Ms. Cannamore informed plaintiff that all of his personal belongings were gone along with a 19 inch flat screen television; that other of plaintiff's personal property remains missing; and that plaintiff has never received notice of the seizure or confiscation of his property.

Defendant specifically states that there was an inventory of the vehicle's contents and the results of the inventory were listed on the Vehicle Impound Form. Defendant also states that officers had consent of both the owner of the apartment and the named tenant to enter the apartment, and denies that either the search of the apartment or the vehicle were non-consensual. Defendant further states that he completed a Knoxville Police Department Property Inventory Report, documenting all the property that was impounded or confiscated

4

from plaintiff, and that all personal property which was identified as belonging to plaintiff was turned over to the U.S. Secret Service. Defendant denies ever having possession of the majority of the items which plaintiff claims were taken from the apartment.

III.  Discussion

*A. Plaintiff's Motion for Summary Judgment*

Plaintiff contends that, based upon the defendant's response to specific allegations, there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff argues that the undisputed facts show that the defendant searched plaintiff's apartment and vehicle without a warrant or probable cause, and illegally seized his personal property.

In response to the motion for summary judgment, the defendant has submitted his affidavit. [Court File No. 14, Attachment 1, Affidavit of Ed Kingsbury]. The defendant states that he assisted with plaintiff's arrest. At the time of his arrest, plaintiff indicated that he had been staying in apartment #7 and that he was in possession of a Chevrolet van parked there. The defendant checked with the National Crime Information Center and learned that the van was not registered to plaintiff or the person he claimed he had bought it from. The defendant then used the key in plaintiff's possession to open the van and check the glove compartment for a title, but found nothing related to plaintiff's claim of ownership. Finding

5

no documents related to ownership, the defendant had the vehicle towed to the impound lot, where it was later sold at public auction.

With respect to apartment #7, the defendant states that he learned from the owner of the apartments that #7 was leased to Vickie Cannamore, and that plaintiff was not listed as a lessee. The defendant further states that Ms. Cannamore and the owner of the apartments gave him permission to enter the apartment, which he did, and he confiscated the items listed on the Property Inventory Report attached as Exhibit 1 to his affidavit. According to the defendant, the listed items were ultimately turned over to the U.S. Secret Service for use in a further investigation in Florida.

Plaintiff's complaint was signed under penalty of perjury. For that reason, the court will treat the complaint as plaintiff's affidavit in support of his motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A); *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). Based upon plaintiff's verified complaint, and the defendant's affidavit, the court finds that there are genuine issues of material fact as to, among other issues, whether plaintiff had an ownership interest in the vehicle that was searched and seized, whether the defendant had valid consent to enter and search the apartment, and what items were taken from the apartment. Accordingly, plaintiff's motion for summary judgment will be **DENIED**.

*B. Defendant's Motion to Continue*

Defendant states that the facts that gave rise to this action are also at issue in a criminal case in the U.S. District Court for the Middle District of Florida. In that case,

6

plaintiff was indicted on several counts of forgery; a copy of the indictment is attached to defendant's memorandum in support of the motion to continue. [Court File No. 21, Memorandum, Exhibit 1, Indictment]. According to defendant, one of the core issues in the Florida case is whether defendant's search and seizure of petitioner's property was reasonable under the Fourth Amendment. Defendant states that the case was tried without a jury on April 18-19, 2011, and the district judge indicated but has not yet formally ruled that the search and seizure was reasonable. Defendant avers that a finding by the district judge in Florida that the search and seizure was reasonable would collaterally estop plaintiff from arguing the contrary in this case.

Plaintiff has not objected nor otherwise responded to defendant's motion to continue. For good cause shown, the motion to continue and for relief from deadlines will be **GRANTED**. The trial of this matter will be **CANCELLED** and all pending deadlines will be **SUSPENDED**. This action will be **STAYED IN ITS ENTIRETY** pending resolution of the proceedings against plaintiff in the U.S. District Court for the Middle District of Florida. In addition, the defendant will be **ORDERED** to provide a status update concerning those proceedings, to be filed with the court at least every 90 days.

IV.     Conclusion

Plaintiff's motion for summary judgment will be **DENIED**. Defendant's motion to continue the trial date and for relief from the deadlines set forth in the Scheduling Order will

7

be **GRANTED**. The trial of this matter will be **CANCELLED** and all pending deadlines will be **SUSPENDED**. This action will be **STAYED IN ITS ENTIRETY** pending resolution of the proceedings against plaintiff in the U.S. District Court for the Middle District of Florida. In addition, the defendant will be **ORDERED** to provide a status update concerning those proceedings, to be filed with the court at least every 90 days.

      **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips  
United States District Judge
